And our next case this morning is Jimenez-Becerril v. Sessions Mr. El-Saraf, you may proceed Good morning, Your Honors. Ali El-Saraf on behalf of Petitioner Mario Jimenez-Becerril I'd like to focus on two legal errors committed by the agency which require this court to grant the petition for review and remand this case The first is the agency's failure to consider the petitioner's social group of former members of the military who refused to cooperate with cartels The second is the agency's failure to consider whether the Mexican government would be able or willing to prevent persecution The petitioner asserted before the immigration judge that the Mexican cartel La Familia Michoacana persecuted him because of his former membership in the military and his refusal to cooperate with the cartel The agency broadly defined his social group only as former military. It failed to take into account his refusal to cooperate as an aspect of his social group And we know that that's error because this court has held in several cases that a social group can be cognizable where you have both a shared past experience and a refusal to cooperate So in NLA v. Holder, it was Colombian landowners who refused to cooperate with FARC In Escobar v. Holder, it was former truckers who refused to cooperate with FARC And in Escobar v. Holder, the court recognized that Mr. Escobar was not persecuted for being a former trucker alone His former trucker status brought him into the crosshairs of the FARC And then when Mr. Escobar refused to cooperate with the FARC, at that point they persecuted him Similarly, in our case, Mr. Jimenez Becerril is a former member of the military which brought him into the crosshairs of the La Familia Michoacana cartel And when he was in those crosshairs and he refused to cooperate with them, he was persecuted And when this correct social group is used, it's undisputed that he was persecuted because of his social group The agency and the government all agree that his refusal to cooperate was the reason that he was persecuted So when his refusal to cooperate is properly placed as an aspect of his social group, it's undisputed that he was persecuted because of his social group The Third and Ninth Circuits, as well as the BIA itself, have acknowledged that the refusal to join or cooperate with a gang or cartel can be an aspect of a social group With respect to the agency's finding on government protection, the agency failed to use the legal standard that it articulated It said the Mexican government would be unable or unwilling to prevent persecution, but it didn't actually It wholesale failed to consider the evidence in the record of the Mexican government's ability to prevent persecution It failed to consider significant testimony by the petitioner, in which he said that cartels often cooperate and come to agreements with the police And force the police to allow them to work freely It ignored articles, including a 2015 Business Insider article that described how in 2013 it was common knowledge that the police were errand runners for gangsters Which we would interpret to also include members of cartels The agency ignored the government's own submission, Exhibit 4 in the application, which is an article about La Familia Metro Ocana Which describes how La Familia had an infamous ability to corrupt local government officials The agency also ignored several reports, human rights reports, country conditions reports in the record Such as a 2015 Department of State human rights report that described how organized criminal groups, such as cartels, often act with impunity And in league with local, state, and security officials This argument is only relevant if you can win on the first one? That there was some legal error in the agency's application of the legal standard for targeting him for persecution? Correct. For his withholding of removal claim, if the court finds that there is an error in the mischaracterization of the social group In combination with an error with respect to the government protection Then both of those together would require remand But there are also issues with the agency's decision on the Convention Against Torture Which alone would also require remand on that basis With respect to the government protection, the court has addressed similar country conditions evidence In Rodriguez-Molinero v. Lynch and Mendoza-Sanchez v. Lynch And in both of those cases, the court remanded Noting an abundance of evidence in those records of the Mexican government's wholesale ineffectiveness In preventing torture at the hands of cartels or police working with cartels Since I have a little more time, I'll address the CAT standard as well Which this court could remand solely on that basis So the agency divided the claim up into a chain of events And said that he had to prove it was more likely than not that each of those events in that chain had to occur But this court has explicitly held that the more likely than not standard cannot be taken literally That the petitioner only has to prove that there is a substantial risk of torture upon return to Mexico And that artificial dividing of the claim into different events And then saying that you have to prove each one is more likely than not to occur Is a hyper-literal approach that is legal error, which would require this court to remand the case In addition, going back to the withholding of removal standard As we addressed in our brief, both the immigration judge and the board Use the A-Central Reason standard, which is an asylum standard It doesn't use the A-Reason standard, which as of the 9th Circuit held in Broadhouse-Romero v. Lynch Recently, that the A-Reason standard applies in the withholding of removal context And the government actually concedes on page 29 of its brief that the protected characteristic was A-Reason So if this court finds that the withholding of removal standard only requires A-Reason The government has already conceded that position and the court can remand the case So how is the 9th Circuit's decision reconcilable with the accepted and prevailing norm That a standard for withholding is higher than for asylum? The 9th Circuit reduced it It did with respect to the burden of proof in asylum as well-founded fear of persecution And then in withholding of removal, it's clear probability or more likely than not standard So with respect to those standards, it is understood that withholding of removal has a higher standard But with respect to whether the protected group needs to be A-Reason versus 1-Central Reason What's the difference other than semantics? It's different because for it to be 1-Central Reason, that is a higher standard than only that it has to be A-Reason And so that increased standard which Congress, when Congress added that language into the statute in 2005 in the Real ID Act It specifically added that language to the asylum statute but included the A-Reason language in the withholding statute So Congress was recognizing that there is a difference between the 1-Central Reason standard and the A-Reason standard In using those two different provisions in the statutes If the Court has no further questions, I'll reserve the remainder of my time for rebuttal Thank you Ms. Allen Good morning, Your Honors. May it please the Court. Jeannette Allen for Respondent, the Attorney General Your Honors, the Court should dismiss the petition for review to the extent Mr. Jimenez challenges the denial of his application for withholding of removal That denial rested on a couple of dispositive bases One of those is that he failed to establish, as a factual matter, that the government of Mexico was or would be unable or unwilling to protect him from harm He, in his opening brief, challenged that dispositive finding only to argue that substantial evidence did not support the agency's decision Because Mr. Jimenez was found removable as a result of his conviction for a crime involving moral turpitude This Court lacks jurisdiction under 8 U.S.C. § 1252a2c to consider factual challenges to the agency's decision Would the proper disposition be to dismiss the petition in part or simply to deny it? Our cases use both language and I just wondered what the agency's view was The proper disposition would be to dismiss the petition to the extent that he challenges the denial of withholding of removal Which rested in part on the dispositive factual determination But we do have jurisdiction over the petition though, right? Yes So why don't we just deny it? And you can deny, well We only have, we don't have jurisdiction in your view over certain arguments, right? That's correct So you can deny the petition for review in its entirety while declining to consider the dispositive factual challenge Because we have cases using both formula and I really wondered which one you thought was correct I thought, your honor may disagree, but I thought the proper action would be to dismiss the petition to the extent he challenges withholding of removal And deny it to the extent he challenges cap protection Is that your view or is there an official view of the agency? That is my understanding of the agency's position Thanks, that's helpful, thanks And with regard to the denial of protection under the CAT Petitioner has raised a legal question and that is whether the immigration judge applied the correct legal standard When finding that he failed to establish that he would more likely than not face torture But what petitioner fails to acknowledge is that he cites this court's substantial risk standard And says the immigration judge failed to apply it But it's clear in the immigration judge's decision that he actually did cite this court's substantial risk precedent So he applied the correct legal standard and that would be the end of the inquiry under AUSC section 1252 A2D As far as whether a colorable constitutional claim or legal question is presented The only question would be did the immigration judge apply the correct standard And there is no question that he did here as it's explicitly cited in his denial of protection under the CAT Because the court lacks jurisdiction over petitioner's challenge to the agency's denial of its application for withholding of removal It should dismiss that challenge and deny the petition to the extent he asserts The meritless argument that the immigration judge did not apply the proper standard in denying protection under the convention against torture We do have the withholding under the INA claim That's correct And there isn't an embedded legal issue in that about the statutory language a reason versus at least one central reason There is but the court doesn't need to reach that legal question Because the determination that Mr. Jimenez fell to establish that the Mexican government was or would be unable or unwilling to protect him Is dispositive of that claim for withholding under the INA But not the CAT question Right, that's correct your honor It's not dispositive of CAT but it is dispositive of the withholding claim Given that the court cannot penetrate that dispositive determination Then it need not reach his allegation that this court should follow the Ninth Circuit's decision in Barajas Romero If there are no further questions Thank you Thank you Mr. Al-Saraf I think your time had expired but you may or you have one minute left Okay Just a couple of brief points your honors With respect to the factual findings that we don't dispute that this court does not have jurisdiction over the factual findings But each of the issues that the government raised necessarily implicate legal errors This court recognized in Iglesias v. Mukasey that the wholesale failure to consider evidence is a legal error And that's what the agency did with respect to its holdings on government protection as well as internal relocation And with respect to the social group There was just a wholesale failure to consider a mischaracterization of the social group By failing to address half of its attributes which this court in Gutierrez v. Lynch Held that this court retains jurisdiction over that question With respect to the CAT standard The immigration judge did cite the substantial grounds language of Rodriguez-Molinero v. Lynch in its legal standard section But then when it actually applies the law it doesn't use the substantial grounds language It uses the hyper-literal hypothetical chain approach which is legal error Alright thank you Our thanks to all counsel of the cases taken under advisement